[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The third-party defendants, ELK Corporation and Elcor Co., have moved to dismiss the third party claims for indemnification and contribution filed against them by the third party plaintiff, Lyon and Billard Co. on the grounds that the third party plaintiff failed to implead them within the one year time period set forth in General Statutes § 52-577a(b). The third party plaintiff contends that a statute of limitations defense may not be raised by a motion to dismiss and that the motion to dismiss should be denied on that basis. The court agrees with the third party plaintiff that the third party defendants are improperly seeking to evoke a statute of limitations defense by way of a motion to dismiss.
The plaintiffs in this case, Mario and John Demelis, have brought this action against the defendant, Lyon and Billard Co., for selling them a defective nail gun and defective roofing materials. The plaintiffs' complaint asserts five counts: breach of contract; breach of implied warranties of merchantability and fitness for a particular purpose; breach of an express warranty; breach of a duty of good faith and fair dealing; and unfair and CT Page 18 deceptive trade practices. Although the plaintiffs' complaint asserts contract, negligence and warranty claims, the plaintiffs are limited to asserting a products liability claim under General Statutes § 52-572m, et seq. because they are bringing a property damage claim against a product seller allegedly caused by "the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling" of a product. General Statutes § 52-572m(b). Section 52-572n specifically provides that a product liability claim "shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by the product." SeeDaily v. New Britain Machine Co., 200 Conn. 562, 571 (1986).
The return date for the plaintiffs' complaint was December 13, 1994 and the defendant Lyon and Billard Co. filed its appearance on December 27, 1994. It was not until July 23, 1999 that Lyon and Billard Co. served a third party complaint on the third party defendants ELK Corporation and Elcor Co. seeking indemnification and contribution. Although the third party complaint is not broken down into separate counts, it appears to seek indemnification based on an express and implied contract and negligence. The third party defendants have moved to dismiss the third party complaint on the grounds that the third party plaintiff did not implead them within the one year time limit set forth in General Statutes § 52-577a(b).
General Statutes § 52-577a(b) provides that, "In any [product liability] action a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to court."
The issue before the court is whether the time limitation contained in § 52-577a(b) is substantive or procedural in nature. Ecker v. West Hartford, 205 Conn. 219, 231-232 (1987). "A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action . . . Where, however, a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. In such CT Page 19 cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." (Citations and internal quotation marks omitted.) Id.
A statute of limitations defense must be specially pleaded and cannot be raised by a motion to dismiss. Ross Realty Corp. v.Surkis, 163 Conn. 388, 391 (1972). See also Practice Book §10-50. A right conditioned upon a time limitation, however, since it is substantive and jurisdictional may be addressed through a motion to dismiss. Diamond National Corporation v. Dwelle,164 Conn. 540 (1973). See also Practice Book § 10-31.
"The question of whether a statutory time limitation is subject matter jurisdictional is a question of statutory interpretation."Federal Deposit Ins. v. Hillcrest Assoc., 233 Conn. 153, 163
(1995). The court must determine whether the legislature intended the time limitation to be jurisdictional. Id. "In light of the strong presumption in favor of jurisdiction, we require a strong showing of a legislative intent to create a time limitation that, in the event of noncompliance, acts as a subject matter jurisdictional bar." Id.
The language of General Statutes § 52-577a(b) does not support the position of the third party defendants that its time limitation is jurisdictional. The statute's use of the term "may" rather than "shall" is suggestive of a non jurisdictional purpose. Id., p. 164. Section 52-577a(b) also contains no language expressly invalidating a third party claim not filed within one year from the date the cause of action is returned to court. SeeBanks v. Thomas, 241 Conn. 569, 583 (1997).
In addition, § 52-577a(b) does not create a right of action which was unavailable at common law. Section 52-577a(b), like General Statutes § 52-102a, is simply an impleader statute that allows a defendant to bring into a pending action a third party who is or may be liable for all or part of the claimant's claim. See Malerba v. Cessna Aircraft Co., 210 Conn. 189, 194
(1989) (The court determined that § 52-577a(b) and §52-102a contain similar language and should receive parallel treatment.) As is the case with § 52-102a, the purpose and CT Page 20 effect of § 52-577a(b) are to accelerate the accrual of the right to assert a claim against the impleaded person. It is procedural in nature and does not affect substantive rights. SeeShurgast v. Schumann, 156 Conn. 471, 487 (1968).
Section 52-577a(b) authorizes a defendant in a product liability action to assert a cause of action for indemnity or contribution against a third party. See Malerba v. CessnaAircraft Co., supra, 210 Conn. 195. These causes of action were not created by § 52-577a(b). "Section 52-577a does not create a right of action in the product liability context. That right of action is created by the common law or the product liability act. Thus, 52-577a must be considered procedural." Champagne v.Raybestos-Manhattan. Inc., 212 Conn. 509, 525 (1989).
Since the time limitation established by § 52-577a(b) is procedural in nature, it may not be evoked through a motion to dismiss. The third party defendants' motion to dismiss is therefore denied.
BY THE COURT
Judge Jon M. Alander